# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DREAMDEALERS USA, LLC,

              Plaintiff,

vs.

WORLD CLASS DRIVING, INC., et al.,

              Defendants.

Case No. 2:12-cv-01151-GMN-PAL

**ORDER**

The court held a hearing on Plaintiff's Renewed Motion for Order Allowing Expedited Discovery (Dkt. #48) on October 16, 2012. Ismail Amin and Lawrence Kulp appeared on behalf of the Plaintiff. Christian Samay and John Krieger appeared on behalf of the Defendants. The court has considered the Motion, the Declaration of Ismail Amin (Dkt. #49), Defendant Vulcan Motor Club LLC's Response (Dkt. #51), Plaintiff's Reply (Dkt. #54), and the arguments of counsel at the hearing.

The renewed motion seeks expedited discovery prior to the Rule 26(f) conference in support of Plaintiff's application for a temporary restraining order which has been fully briefed and is under submission to the district judge. During oral argument at the hearing, counsel for Plaintiff proposed that expedited discovery pertaining to Plaintiff's request for equitable relief could be completed in approximately 60 days, and that the remaining merit-based discovery could be completed in an additional 120 days. Plaintiff did not wish to conduct the Rule 26(f) conference before conducting expedited discovery because service has not been effectuated on one of the Defendants.

Defendants oppose the motion indicating the parties reached an agreement memorialized in an August 23, 2012 letter, not to conduct expedited discovery until the district judge decided whether to set the motion for temporary restraining order for hearing. The parties thereafter agreed to a settlement conference which was conducted by Judge Hoffman, the previously assigned magistrate judge in this

case on September 7, 2012. The settlement conference did not result in a settlement, and counsel for Defendants claim Defendants offered to accelerate the Rule 26(f) conference and deadline for submitting the joint proposed discovery plan and scheduling order. However, counsel for Defendants claim that Plaintiff flatly rejected this suggestion and filed this unnecessary motion instead.

Plaintiff's reply argues that the need for a preliminary injunction and expedited discovery in this case is more urgent than before because, since this motion was filed, Plaintiff discovered that Defendants are continuing to use a search term on various internet search engines that infringe Plaintiff's trade name and wordmark, "Exotics Racing". The reply also argues that conducting a Rule 26(f) conference at this time is inappropriate because Plaintiff has not yet learned the identity of proper Defendants in this action, Vulcan Holdings, LLC has not yet been served or appeared, and "the pleadings are still unsettled" because Defendant filed a Rule 12 motion to dismiss a number of Plaintiff's claims for relief. Plaintiff therefore suggests that the court order expedited discovery to bypass the normal Rule 26(f) procedures using the pretrial conference procedures outlined in LR 16-2(d).

Having reviewed and considered the moving and responsive papers and the arguments of counsel, the court directed counsel for the parties to conduct a Rule 26(f) conference within ten days of the hearing, or no later than October 26, 2012, and to submit a joint proposed discovery plan and scheduling order within seven days of the conference. The court also directed counsel to have specific and detailed discussions of electronically stored information, with input from technical support staff if necessary.

**IT IS ORDERED** that:

1. Plaintiff's Renewed Motion for Order Allowing Expedited Discovery (Dkt. #48) is **DENIED**.
2. Counsel for the parties shall conduct a Rule 26(f) conference, no later than **October 26, 2012**, and submit a proposed joint discovery plan and scheduling order no later than seven days after the conference or no later than **November 2, 2012.**
3. The parties shall have detailed discussions at the Rule 26(f) conference about electronically stored information ("ESI") and their respective requests for ESI discovery

in this case, including the format in which the discovery should be produced. The parties shall, if necessary, involve technical support staff in these discussions with the goal that each side is aware of the ESI each side has, and what has been done to preserve ESI since the duty to preserve was triggered by notice of Plaintiff's potential lawsuit. The parties shall also discuss the format in which ESI shall be produced, as well as ESI search and production protocols.

4. A status and dispute resolution conference is scheduled for **November 15, 2012, at 10:00 a.m.** Counsel for the parties may appear telephonically. Those requesting to appear telephonically shall contact Courtroom Administrator Jeff Miller no later than 4:00 p.m., on **November 14, 2012**, to provide contact information where they may be reached. He will initiate the conference call for the hearing.

Dated this 17th day of October, 2012.

_____
Peggy A. Leen
United States Magistrate Judge