**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREAMDEALERS USA, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> WORLD CLASS DRIVING, INC., *et al*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-01151-GMN-PAL <br><br> **ORDER** |

On July 3, 2013, the Court granted the parties' Stipulation of Dismissal with prejudice and closed the case. (ECF No. 90). Now, over three years later, Plaintiff Dreamdealers USA, LLC ("Plaintiff") moves to reopen the case pursuant to Federal Rule of Civil Procedure 60(a). (Mot. to Reopen, ECF No. 92). According to Plaintiff, the parties originally intended the Court to retain jurisdiction over the parties' settlement agreement, but inadvertently omitted such language from the stipulation of dismissal. (*Id.* 2:1–6).

Generally, federal courts lack jurisdiction to enforce settlement agreements. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). An exception to this rule exists where the order dismissing the action incorporates the terms of the settlement agreement or otherwise expressly indicates that the court intends to retain jurisdiction over the settlement agreement. *Id.* Here, the dismissal order neither expressly reserved jurisdiction nor incorporated the terms of the settlement agreement. (*See* Order, ECF No. 90).

Nonetheless, Plaintiff argues that the Court should retain jurisdiction due to the parties' inadvertent omission of the requisite language in their stipulation. (Mot. to Reopen 11:4–12). In determining whether a mistake may be corrected under Rule 60(a), the Ninth Circuit focuses on "what the court *originally intended* to do." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294,

1297 (9th Cir. 2014).  In other words, Rule 60(a) allows a court to "correct records to show what was done, rather than change them to reflect what should have been done." *Sin Ho Nam v. Quichocho*, 2012 WL 2550595, at *1 (D. N. Mar. I. Feb. 21, 2012) (quoting *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)).  Here, regardless of the parties' alleged intentions, the Court had no intention to retain jurisdiction after dismissal. Accordingly, the dismissal order reflects the Court's original intention and Rule 60(a) does not apply.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen the Case, (ECF No. 92), is **DENIED**.

**DATED** this \_\_3\_\_ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court